THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re: | Case No. C10-1043-JCC |
| HELEN MARGARET ZEMBAL, | ORDER |
| Debtor. | |

This matter comes before the Court on Appellant Helen Zembal's brief on appeal from judgment in the U.S. Bankruptcy Court for the Western District of Washington (Dkt. No. 8), Appellee Christ Sieritis's response brief (Dkt. No. 9), and Appellant's reply brief. (Dkt. No. 10.) Having thoroughly considered the parties' briefing, the Court finds oral argument unnecessary and hereby AFFIRMS the decision of the Bankruptcy Court for the reasons explained herein.

I.   BACKGROUND

Appellant Helen Zembal is the debtor in the underlying bankruptcy proceeding, 09-23028-KAO (W.D. Wash.). In the spring of 2007, Zembal's husband, Donald Green, approached Christ Sieritis and asked if he was interested in participating in a joint venture to

ORDER
PAGE - 1

purchase, develop, and sell real estate. (Sieritis Decl. ¶ 4 (Ex. A-16).) On May 31, 2007, Green and Sieritis signed a venture agreement detailing the terms of the venture. (Sieritis Decl. Ex. A (Ex A-16).) The venture began to take on debt through the Summer and Fall of 2007, and by the end of October 2007, the venture had failed. (Green Decl. ¶ 11 (Ex. A-15).) On October 10, 2008, Sieritis filed a suit in King County Superior Court against Zembal; Green; Bancorp, LLP; Sieritis & Green Development, LLC; and Family First Mortgage Corp., Cause No. 08-2-34975-6 SEA.

On October 25, 2009, approximately one year after commencement of the suit, Green individually filed for Chapter 13 Bankruptcy, Cause No. 09-21155-SJS. On December 2, 2009, Sieritis' lawyer, Scott Espiritu filed a notice of appearance in Green's bankruptcy, listing his contact information as follows:

> Inlee Best Doezie & Ryder, P.S.
> Attn: Scott L Espiritu
> 777 108th Avenue Northeast, Suite 1900
> Bellevue, Washington 98004

On December 10, 2009, Zembal individually filed for Chapter 7 Bankruptcy, Cause No. 09-23028-KAO. Zembal identified Sieritis as an unsecured creditor on her bankruptcy petition as follows:

> Christ M. Cieritis
> C/O Inslee Best
> 777 108th Ave NE Suite 1900
> Bellevue, WA 98009-9016

(Schedule F (Ex. A-1).) This address is incorrect in two ways. First, Sieritis' name is spelled with an "S" not a "C," and second, the zip code of Inslee Best' offices is 98004, not 98009.[1] In addition, this address does not mention Espiritu's name.

---

[1] Inslee Best maintains a P.O. Box with a zip code of 98009, but Zembal did not reference the P.O. Box in the address.

ORDER
PAGE - 2

The deadline for objection to Zembal's discharge was March 15, 2010. (Order 3–4 (Ex. A-22).) Zembal received her discharge on March 16, 2010. (Order (Ex. A-7).) Sieritis then claimed he had never received notice of Zembal's bankruptcy and requested that Zembal stipulate to an extension of the deadline to file an objection to discharge. (Espiritu email (Ex. A-9: at Ex. U).) Zembal declined. On March 19, 2010, Sieritis filed a motion to extend deadline for filing objection to discharge and consolidate adversary proceedings, which United States Bankruptcy Judge Karen A. Overstreet granted on April 6, 2010. (Order (Ex. A-18).) On May 21, 2010, Judge Overstreet denied Zembal's motion for reconsideration. (Order (Ex. A-22).) his appeal follows.

## II. STANDARD OF REVIEW

On appeal, a bankruptcy judge's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013; *see also In re Dill*, 731 F.2d 629, 631 (9th Cir. 1984). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Dill*, 731 F.2d at 631.

## III. DISCUSSION

Under the Federal Rules of Bankruptcy Procedure, proof of proper mailing creates a rebuttable presumption of notice of bankruptcy. *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is *properly* addressed, stamped and deposited into the mails is presumed to be received by the addressee.") (emphasis added) The burden is on the debtors to use reasonable diligence in completing their schedules and lists. *In re Fauchier*, 71 B.R. 212, 215 (B.A.P. 9th Cir. 1987). Once the presumption is determined to apply, it can only be rebutted by clear and convincing evidence that mailing was not accomplished. *Bucknum*, 951 F.2d at 207. The presumption is generally not rebutted by an affidavit that notice was not received. "If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar

ORDER
PAGE - 3

dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice." *In re Ricketts*, 80 B.R. 495, 497 (B.A.P. 9th Cir. Cal. 1987).

In her order denying a motion for reconsideration, Judge Overstreet made one important finding of fact, and one important conclusion of law. First, she found that Zembal had not properly listed Sieritis's information: "[T]he address used for Mr. Sieritis in the Debtor's matrix was insufficient. Mr. Sieritis' name was not spelled correctly, Mr. Espiritu was not mentioned, and the incorrect zip for the firm was used." (Order 5 (Ex. A-22).) There is no indication that this finding was erroneous, and the Court will abide by it.

Second, Judge Overstreet determined that the presumption of notice should not apply in light of these deficiencies. Reviewing this conclusion *de novo*, the Court agrees. As detailed above, the presumption of notice only applies if a debtor provides proper contact information for a creditor. Zembal offers no compelling justification for the misspellings and omissions in the address.

The bankruptcy court correctly determined that the presumption of notice never applied in this case.

**IV.  CONCLUSION**

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED. The Clerk is DIRECTED to send a copy of this Order to the Bankruptcy Court and to CLOSE this case.

DATED this 9th day of November, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4